IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NUMBER 6:19-CR-00072-JCB** |
| **v.** | § | |
| | § | |
| | § | |
| | § | |
| **BRODRICK DEON OSBORN** | § | |
| | § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On October 19, 2023, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Brodrick Deon Osborn. The government was represented by Jim Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Felon in Possession of a Firearm, a Class C felony. This offense carried statutory maximum imprisonment terms of 10 years. The guideline imprisonment range, based on total offense level of 17 and criminal history category of II, was 27 to 33 months. On March 19, 2021, U.S. District Judge J. Campbell Barker of the Eastern District of Texas sentenced Defendant to 30 months imprisonment, followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse testing and treatment, and a $100 special assessment fee. On January 28, 2022, Defendant completed his period of imprisonment and began service of the supervision term.

Under the terms of supervised release, Defendant was required to refrain from any unlawful use of a controlled substance. In its petition, the government alleges that Defendant violated his conditions of supervised release on July 15, 2022, and November 14, 2022, when he tested positive for and admitted to using marijuana, a controlled substance.

If the court finds by preponderance of the evidence that Defendant violated the conditions of supervised release by using marijuana, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade C violation, the court may (A) revoke supervised released; or (B) the court may extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of II, the Guideline imprisonment range for a Grade C violation is 4 to 10 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade C violation of the conditions of supervision referenced above by the unlawful use of a controlled substance as alleged in the government's petition. In exchange, the government recommended to the court a sentence of 8 months imprisonment with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant Brodrick Deon Osborn's plea of true be accepted and he be sentenced to 8 months imprisonment with no supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Texarkana, TX, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 20th day of October, 2023.**

2

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE